IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ELIMAR ALICIA CHARDON-SIERRA,** <br> Defendant. | CRIMINAL NO. 19-153 (FAB) |

### UNITED STATES OF AMERICA'S DESIGNATION OF EVIDENCE & REQUEST FOR RECIPROCAL DISCOVERY

The United States of America, through its undersigned counsel, respectfully states that pursuant to Rule 12(b)(4)(A) of the Federal Rules of Criminal Procedure, it is providing notice of its intention to rely on the following evidence at trial during its case-in-chief:

a. Recordings of harassing voicemail messages left on the chambers phone of the Honorable Laura T. Swain, a United States District Judge in the Southern District of New York.

b. Printout of Facebook postings produced to the defendant in discovery.

c. The defendant's statements to FBI agents.

d. All other documentary evidence that has been, or will be produced to the defendant in discovery, or made available for the defendant's inspection.

With the Court's permission, the United States reserves the right to amend its designation prior to trial. To avoid unnecessary delay, unfair prejudicial surprise, and to aid trial efficiency, the United States hereby requests the following production from the defendant:

1

a. Pursuant to Federal Rule of Criminal Procedure 12.1, the United States requests that the defendant provide notice of any intent to offer an alibi defense to the offense charged in the Indictment.

b. Pursuant to Federal Rules of Criminal Procedure 12.2 and 12.3, respectively, the United States requests that the defendant provide notice of any intent to present an insanity or public authority defense.

The United States respectfully requests that the Court order the defendant to comply with her discovery obligations. If the defendant has no reciprocal discovery to produce, she should so confirm. Absent timely disclosure, the defendant should be precluded from offering evidence subject to disclosure under the Federal Rules of Criminal Procedure. *See United States v. Rodriguez-Cortes*, 949 F.2d 532, 546 (1st Cir. 1991) (court has discretion to exclude evidence for failure to comply with Rule 16); *see also United States v. Frazier*, 387 F.3d 1244, 1271 (11th Cir. 2004) (observing that "courts may constitutionally preclude defendants from offering otherwise relevant evidence if they fail to comply with the procedural rules that require notice to be given.") (citing *Michigan v. Lucas*, 500 U.S. 145, 152-53 (1991)).

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 19th day of March, 2019.

**ROSA EMILIA RODRIGUEZ-VELEZ**
**UNITED STATES ATTORNEY**

*/s/ Alexander L. Alum*
Alexander L. Alum, USDC-PR G01915
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                */s/ Alexander L. Alum*
                Alexander L. Alum
                Assistant United States Attorney