# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> **Plaintiff**, <br><br> v. <br><br> ELIMAR ALICIA CHARDÓN-SIERRA, <br><br> **Defendant.** | **Criminal No.** 19-153 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Defendant Elimar Alicia Chardón-Sierra ("Chardón") moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b) ("Rule 12(b)"). (Docket No. 47.) For the reasons set forth below, the Court **DENIES** Chardón's motion.

## I.  Background

On February 21, 2019, Federal Bureau of Investigation ("FBI") Special Agent Gerald Cavis ("Cavis") filed an affidavit in support of a criminal complaint against Chardón "regarding harassing phone messages left on the chambers voicemail of the Honorable Laura Swain, a United States District Judge in the Southern District of New York." (Docket No. 3, Ex. 1 at p. 2.)[1] According to the affidavit, Chardón left three voicemail messages of increasing

---

[1] Judge Swain's chambers are located in the State of New York. (Docket No. 3, Ex. 1 at p. 2.) Chardón is a resident of San Juan, Puerto Rico, and placed the telephone calls from Puerto Rico. Id.

lengths for Judge Swain on February 5, 2019 at 9:03 a.m., 12:40 p.m., and 12:46 p.m. Id.

On February 28, 2019, a federal grand jury returned an indictment charging Chardón with violating 47 U.S.C. § 223(a)(1)(E) ("section 223(a)(1)(E)"). (Docket No. 21.) Pursuant to section 223(a)(1)(E):

> Whoever in interstate or foreign communications . . . makes repeated telephone calls or repeatedly initiates communication with a telecommunications device, during which conversation or communication ensues, solely to harass any specific person . . . shall be fined under Title 18 or imprisoned not more than two years, or both.

47 U.S.C. § 223(a)(1)(E). According to the indictment, "in interstate and foreign communications," Chardón "made repeated interstate telephone calls during which communication ensued in the form of several harassing voice messages, solely to harass a person at the called number and the person who received the communication." (Docket No. 21 at p. 1.)

On May 6, 2019, Chardón moved to dismiss the indictment because (1) the indictment "fails to state a criminal offense," and (2) section 223(a)(1)(E) is unconstitutional "on its face" and "as applied" to Chardón. (Docket No. 47 at pp. 2, 12, 20.) Chardón asserts that the indictment "fails to include alleged facts which state a prosecutable offense." Id. at p. 27. According to Chardón, "This 'offense depends crucially upon a specific

identification of what the defendant [] said or did that constituted the course of conduct involving threats . . . harassment, and intimidation,'" and "this information is completely missing from the indictment." Id. (alteration in original) (citation omitted). Chardón argues that her voicemails "are clearly political" and "do not meet th[e] *mens rea* requirement" of section 223(a)(1)(E), and that the voicemails cannot be considered "repeated telephone calls" pursuant to section 223(a)(1)(E). Id. at pp. 27 and 29. Chardón states:

> It is common knowledge that answering machines allow callers to leave voicemail messages on a limited time frame, so the fact that someone left three voicemails does not necessarily mean that they had the specific intent to make "repeated phone calls," but could easily had [sic] been interrupted by the answering service limited timeframe.

Id. at p. 30.

Chardón also contends that section 223(a)(1)(E) is unconstitutional as applied to her because it "imposes criminal sanctions" on her "First Amendment protected speech." (Docket No. 47 at p. 12.) Chardón maintains that she "is being prosecuted for the content of her speech, not her conduct." Id. at p. 13. She argues that the "voicemails were left at Judge Swain's public office not her home or personal phone number," that "[p]olitical speech has been granted extensive constitutional protection," and that the voicemails are "clearly political." Id. at pp. 14 and 17.

According to Chardón, the voicemails express "her disappointment in Judge Swain [sic] approval of the COFINA settlement that will impose additional taxes to the residents of Puerto Rico for at least forty (40) more years." Id. at p. 17. "Her speeches criticize and describe the colonial relationship between U.S.A. and Puerto Rico, the poverty and the social crisis Puerto Ricans suffer on [sic] daily basis." Id.

Finally, Chardón claims that section 223(a)(1)(E) "is unconstitutional on its face because it prohibits a wide range of speech that would otherwise be protected under the Free Speech Clause of the First Amendment" of the United States Constitution. (Docket No. 47 at p. 20.) According to Chardón, "the statute's plain sweep encompasses a substantial amount of protected speech," such as "telephone calls to public officials where the caller has an intent to verbally 'abuse' a public official for taking a decision on an important political matter, 'annoy' him into changing a course of action, or 'harass' him until he addresses problems previously left unaddressed." Id. at p. 23.

**II. Legal Standard**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. When considering a motion to dismiss an indictment, the Court "must take the allegations in the

indictment as true" and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (internal citation omitted).

An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy." United States v. Ford, 839 F.3d 94, 104 (1st Cir. 2016) (internal quotation marks and citation omitted). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted). "[M]istaken or omitted indictment language is reversible if it deprived the appellant of notice or otherwise misled him to his detriment." Ford, 839 F.3d at 104 (internal quotation marks and citation omitted).

"[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." United States v. Guerrier, 669 F.3d 1,

4 (1st Cir. 2011). "When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances." Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)).

**III. Discussion**

    **A.    Sufficiency of Indictment**

Chardón's indictment is sufficient because it apprises her of the charged offense, setting forth the elements of the crime and the nature of the charge. See Docket No. 21; Ford, 839 F.3d at 104. The indictment states that Chardón "made repeated interstate telephone calls during which communication ensued in the form of several harassing voice messages" on February 5, 2019. (Docket No. 21 at p. 1.) According to the indictment, Chardón made those calls "solely to harass a person at the called number and the person who received the communication" in violation of section 223(a)(1)(E). Id. These details afford Chardón the opportunity to "prepare a defense and plead double jeopardy in any future prosecution for the same offense." Guerrier, 669 F.3d at 3.

Chardón's counterarguments are unavailing. Her contention that the indictment must provide the precise language

of the voicemails in order to satisfy the legal standard is erroneous because the United States "need not put forth specific evidence," Ngige, 780 F.3d at 502 (citing Fed. R. Crim. P. 7(c)(1)), and Chardón fails to demonstrate how the indictment deprives her of notice or misleads her to her detriment. See Ford, 839 F.3d at 104. Chardón's contentions that her voicemails "do not meet th[e] *mens rea* requirement" of section 223(a)(1)(E) and that "[s]he had the intention of making only one phone call but was interrupted by the answering service" are questions of fact reserved for the jury. See Docket No. 47 at pp. 29 and 30; McCormick v. United States, 500 U.S. 257, 270 (1991) ("It goes without saying that matters of intent are for the jury to consider."); United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (citing United States v. Covington, 395 U.S. 57, 60 (1969)) ("[A] court must deny a motion to dismiss if the motion relies on disputed facts."). Accordingly, the Court **DENIES** Chardón's motion to dismiss the indictment on sufficiency grounds. (Docket No. 47 at pp. 26-30.)

    **B.**    **Constitutionality of Section 223(a)(1)(E)**

        **i.**    **First Amendment Overview**

The First Amendment "removes from the government any power 'to restrict expression because of its message, its ideas, its subject matter, or its content.'" United States v.

White, 610 F.3d 956, 959 (7th Cir. 2010) (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)). "Even speech that a 'vast majority of its citizens believe to be false and fraught with evil consequence[s]' cannot be punished." Id. at 960 (quoting Whitney v. California, 274 U.S. 357, 374 (1927)).

There are limits, however, to First Amendment speech protections. See, e.g., White, 610 F.3d at 960. For example, "when 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." United States v. O'Brien, 391 U.S. 397, 376 (1968). A government regulation is "sufficiently justified" if: (1) "it is within the constitutional power of the Government;" (2) "it furthers an important or substantial governmental interest;" (3) "the governmental interest is unrelated to the suppression of free expression;" and (4) "if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." Id. at 377.

When a statute is challenged for unconstitutional overbreadth and "conduct and not merely speech is involved, . . . the overbreadth of [the] statute must not only be real, but substantial as well, judged in relation to the statute's plainly

legitimate sweep." Gormley v. Director, 632 F.2d 938, 942 (2d Cir. 1980) (internal quotation marks omitted) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).

    **ii. As-Applied Challenge**

Chardón's as-applied "First Amendment concern is addressed by the requirement of proof beyond a reasonable doubt at trial, not by a dismissal at the indictment stage." United States v. Clemens, 738 F.3d 1, 13 (1st Cir. 2013) (quoting White, 610 F.3d at 959). "[A] defense is capable of determination without a trial of the general issue 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" United States v. Poulin, 588 F. Supp. 2d 58, 61 (D. Me. 2008) (quoting Covington, 395 U.S. at 60). Consequently, "when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial." Id. (internal quotation marked omitted) (quoting United States v. Russell, 919 F. 2d 795, 797 (1st Cir. 1990)).

Chardón's as-applied arguments are unavailing because "they rely on facts not alleged in the indictment and those facts constitutionally require resolution by a jury." See Poulin, 588 F. Supp. 2d at 61 (citation omitted). Chardón contends that section 223(a)(1)(E) is unconstitutional as applied to her because

the voicemails are "clearly political" and express "her disappointment in Judge Swain [sic] approval of the COFINA settlement." (Docket No. 47 at p. 17.) She argues that "[h]er speeches criticize . . . the colonial relationship between U.S.A. and Puerto Rico" and should therefore be protected by the First Amendment. Id. Chardón's factual claims, however, are not alleged in the indictment. See Docket No. 21. Her motion "depends on factual assertions about the circumstances surrounding the offense that are interwoven with evidence about whether [s]he committed the crime the indictment has charged." See Poulin, 588 F. Supp. 2d at 61 (citation omitted); Docket No. 47 at pp. 12-20; see also United States v. Coronado, 461 F. Supp. 2d 1209, 1217 (S.D. Cal. 2006) (denying the defendant's as-applied First Amendment challenge to his indictment as "premature" because "the factual record has yet to be developed" and "neither the court nor parties are able to determine whether the statute, as applied in an evidentiary context, raises substantial constitutional issues"); cf. Clemens, 738 F.3d at 13 (alterations in original) (citations omitted) (holding that while "[i]t is true that 'statute[s] . . . which make[] criminal a form of pure speech[] must be interpreted with the commands of the First Amendment clearly in mind,'" "[t]his is not a basis on which to take away from a jury the factual question of whether or not [the defendant]'s emails conveyed true

threats"). Accordingly, the Court **DENIES** Chardón's as-applied challenge to section 223(a)(1)(E) **without prejudice.** (Docket No. 47 at pp. 12-20.)

### iii. Facial Challenge

In contrast to Chardón's as-applied challenge, Chardón's facial challenge to section 223(a)(1)(E) "is susceptible to resolution based on the allegations in the indictment alone" because Chardón posits a narrow question of law that does not "depend[] upon facts to be developed at trial." See Poulin, 588 F. Supp. 2d at 62; Docket No. 21; Docket No. 47 at pp. 20-26. Chardón asserts that section 223(a)(1)(E) is overbroad because it "prohibits a wide range of speech that would otherwise be protected under the Free Speech Clause of the First Amendment." (Docket No. 47 at p. 20.)[2]

Section 223(a)(1)(E) regulates conduct, "not mere speech." See Gormley, 632 F.2d at 941 (upholding the constitutionality of a Connecticut statute, "relevant provisions of which closely parallel" an identical, earlier version of section 223(a)(1)(E)); 47 U.S.C. § 223(a)(1)(E). The section criminalizes the conduct of "mak[ing] repeated telephone calls" or "repeatedly

---

[2] Chardón has standing to make this First Amendment facial challenge. See Massachusetts v. Oakes, 491 U.S. 576, 581 (1989) ("The First Amendment doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others.").

initiat[ing] communication with a telecommunications device, during which conversation or communication ensues" with the specific intent "solely to harass any specific person." 47 U.S.C. § 223(a)(1)(E). "What is proscribed is the making of a telephone call, with the requisite intent and in the specified manner." Gormley, 632 F.2d at 942.

Chardón's facial challenge fails because section 223(a)(1)(E) is a "sufficiently justified" government regulation and not overbroad. See O'Brien, 391 U.S. at 377; Thorne v. Bailey, 846 F.2d 241, 243-44 (4th Cir. 1988) (citation omitted) (upholding a West Virginia statute "practically identical" to the earlier version of section 223(a)(1)(E) because the statute is not "unconstitutionally . . . overbroad"); Gormley, 632 F.2d at 941-42 (upholding a Connecticut statute, "relevant provisions of which closely parallel" the earlier version of section 223(a)(1)(E), finding that the statute "is not unconstitutionally overbroad on its face"); United States v. Lampley, 573 F.2d 783, 787 and n.2 (3d Cir. 1978) (upholding the earlier version of section 223(a)(1)(E) as not unconstitutionally overbroad).

It is not "beyond the power of Congress to impose criminal sanctions on the placement of interstate telephone calls to harass." Lampley, 573 F.2d at 787; see Gormley, 632 F.2d at 942 ("Harassing telephone calls are . . . properly outlawed by

federal and state statutes."). "Not all speech enjoys the protection of the First Amendment, and in enacting [section] 223 the Congress had a compelling interest in the protection of innocent individuals from fear, abuse, or annoyance at the hands of persons who employ the telephone . . . for . . . unjustifiable motives." Id. (citing Chaplinsky v. New Hampshire, 315 U.S. 568, 571 (1942); H.R. No. 1109, Interstate and Foreign Commerce Committee, U.S. Code Cong. & Admin. News, p. 1915 (1968); United States v. Darsey, 342 F. Supp. 311 (E.D. Pa. 1972)).

"Prohibiting harassment is not prohibiting speech, because harassment is not a protected speech." Thorne, 846 F.2d at 243 (citation omitted). "Harassment is not communication, although it may take the *form* of speech," and "thus is not protected merely because it is accomplished using a telephone." Id. (emphasis added) (citation omitted); see, e.g., United States v. Sayer, 748 F. 3d 425, 433 (1st Cir. 2014) (internal quotation marks omitted) (quoting Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 502 (1949)) ("[I]t has never been deemed an abridgment of freedom of speech . . . to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed.") Section 223(a)(1)(E) does not regulate the content of the criminalized harassment. See 47 U.S.C. § 223(a)(1)(E);

Lampley, 573 F.2d at 787.  "[T]he nature of the conversation can have no bearing on the constitutionality of the section since its narrow intent requirement precludes the proscriptions of mere communication." Lampley, 573 F.2d at 787. Accordingly, the Court **DENIES** Chardón's facial challenge to section 223(a)(1)(E). (Docket No. 47 at pp. 20-26.)

**IV. Conclusion**

For the reasons set forth above, Chardón's motion to dismiss the indictment is **DENIED**, but her as-applied First Amendment challenge to section 223(a)(1)(E), is **DENIED without prejudice.** (Docket No. 47.)

A new scheduling order will issue by separate order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 16, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
